# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1917V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| CHELSEA HUGHES, | \* | Chief Special Master Corcoran |
| | \* | |
| | \* | |
| Petitioner, | \* | Filed: June 23, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Kirk Tripp Otto*, Siri & Glimstad LLP, Richmond, VA, for Petitioner.

*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 29, 2022, Chelsea Hughes filed this Petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition, dated Dec. 29, 2022 (ECF No. 1). Petitioner alleges she suffered a SIRVA after the receipt of an influenza ("flu") vaccine on *Id.* at 1. The Table SIRVA was dismissed in August 2025 (ECF No. 28), and transferred out of the "Special Processing Unit" for resolution as a causation-in-fact claim. That matter remains pending.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Apr. 20, 2026 (ECF No. 38) ("Interim Fees Mot."). It is her first fees request in this case, and is occasioned by her existing counsel joining a new law firm. *See id.* at 1. Petitioner requests a total of **$27,732.45**, reflecting $23,716.50 in fees and $4,015.95 in costs. *Id.* at 5, 12.

Respondent reacted to the fees request on May 24, 2026. *See* Response, dated May 24, 2026 (ECF No. 40). Respondent defers to my discretion as to whether Petitioner has met the legal and statutory requirements for an interim fees and costs award, as well as the calculation of the amount to be awarded. *Id.* at 2–4.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's Motion for an Interim Fees Award, and I grant an award of fees and costs in the total amount of **$27,419.45**.

## ANALYSIS

### I.    Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or

2

substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis). *See, e.g., Woods v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 148, 154 (2012).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id.* Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

A petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case—albeit primarily because of counsel's transition to a new firm. It remains unclear at the present whether the underlying claim will succeed, but I also deem the case not to have identifiable reasonable basis issues at this point in the proceedings, and I ascertained fact disputes that permitted the continuation of the claim despite my dismissal of the previously-alleged Table SIRVA. Respondent also does not otherwise oppose a fees award. Accordingly, I will grant an interim award.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee

award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:[3]

|  | **2022** | **2023** | **2024** | **2025** | **2026** |
|---|---|---|---|---|---|
| **Kirk Otto** | n/a | n/a | n/a | $403 | $495 |
| **John Beaulieu (Siri & Grimstad LLP)** | n/a | n/a | n/a | $360 | $450 |
| **Paralegals (Siri & Grimstad LLP)** | n/a | n/a | n/a | $195 | $210 |
| **Experienced Paralegals (Siri & Grimstad LLP)** | n/a | n/a | n/a | n/a | $227 |
| **Glen Sturtevant (Rawls Law Group, P.C.)** | $392 | $413 | $438 | $469 | n/a |
| **Paralegals (Rawls Law Group, P.C.)** | $177 | $186 | n/a | $211 | n/a |

Interim Fees Mot. at 7, 8, 9, 11.

---

[3] Petitioner in her Interim Fees Motion requested the fees be made jointly payable to Petitioner and Petitioner's counsel, Siri & Glimstad LLP. Interim Fees Mot. at 12. Petitioner also noted Siri & Glimstad LLP has contractually agreed with Rawls Law Group, P.C., to file the Interim Fees Motion on behalf of the latter firm. Interim Fees Mot. at 1.

Mr. Otto practices in Richmond, VA—a city that has been deemed "in forum." *See Massie v. Sec'y of Health & Hum. Servs.*, No. 24-662V, 2026 WL 459222 (Fed. Cl. Spec. Mstr. Jan. 20, 2026). I find the time devoted to the matter reasonable, but the rates requested for Mr. Otto merit some adjustment. Petitioner is requesting that Mr. Otto's 2026 hourly rate (which has yet to be formally addressed) be set at $495.00. Interim Fees Mot. at 7. This reflects a large increase between the years 2025 and 2026. While Mr. Otto currently serves as counsel in approximately sixty cases in the Program, he only has two years' worth of actual experience practicing in the Program. I thus find it appropriate to lower his 2026 rate slightly, to $450.00, which still affords him an increase from his 2025 rate, and better reflects his overall Program experience.[4] This results in a fees reduction of **$310.50**.[5]

The hourly rates requested for the other attorneys and their paralegals for time billed are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *See Nelson v. Sec'y of Health & Hum. Servs.*, No. 23-1905V, 2025 WL 1927744 (Fed. Cl. Spec. Mstr. June 17, 2025). However, in keeping with prior Program decisions I will reduce Mr. Beaulieu's rate to $425.00 for 2026 work, consistent with his established rate for that year.[6] *See Cimino v. Sec'y of Health & Hum. Servs.,* No. 22-1940, slip op. at *4–5 (Fed. Cl. Spec. Mstr. June 5, 2026); *Sukhraj v. Sec'y of Health & Hum. Servs.*, No. 23-2176, slip op. at *2 (Fed. Cl. Spec. Mstr. May 19, 2026). This results in a fees reduction of **$2.50**.[7] The hourly rates requested for the other attorneys and paralegals for time billed in 2022–26 are reasonable and consistent with our prior determinations and will therefore be adopted therein. *See id.*

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester,* 2013 WL 5367670, at *16. When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.courts.gov/node/2914 (last visited June 5, 2026).

[5] Calculated by: ($495.00-$450.00) x (6.9 hours billed at $495.00 in 2026) = $310.50.

[6] Petitioner requests a $450.00 hourly rate for Mr. Beaulieu. However, the 2026 rate requested reflects a mid-year rate increase which is not a practice permitted in the Program under any circumstance. *Jefferson v. Sec'y of Health and Hum. Servs.*, No. 19-1882V, 2023 WL 387051, at *2.

[7] Calculated by: $450.00−$425.00 x (0.1 hours worked in 2026) = $2.50.

Petitioner seeks $4,015.95 in outstanding costs, including medical record retrieval costs, mailing costs, filing fees, and other miscellaneous litigation costs. Interim Fees Mot. at 5. Petitioner has provided supporting documentation for all claimed costs—including an expert retainer fee invoice not reflected in the total amount of requested costs. *See* Attorneys' Fees and Costs Invoice—Rawls Law Group, filed Apr. 20, 2026 (ECF No. 38-2) at 1–19; Attorneys Fees and Costs Invoice—Siri & Glimstad, filed Apr. 20, 2026 (ECF No. 38-3) at 1–13. Petitioner included an invoice in the amount of $5,000.00 for the preparation of an expert report by Dr. Asif Ilyas that is not reflected in the requested costs in the Interim Fees Motion. Invoice and Statement of Expenses of Dr. Asif M. Ilyas, filed Apr. 20, 2026 (ECF No. 38-8) at 1; Interim Fees. Mot. at 5, 12. Because this cost is not included in the requested amount, I will refrain from awarding this amount until it is formally submitted as an element of Petitioner's final fees request. Otherwise, the costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs. **I award a total of <u>$27,419.45</u> (reflecting $23,403.50 in fees, and $4,015.95 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.